■ PARAMOUNT COMMUNICATIONS, INC., Appellant-Respondent, v GIBRALTAR CASUALTY COMPANY, Respondent-Appellant, and FEDERAL INSURANCE COMPANY et al., Respondents. PARAMOUNT COMMUNICATIONS, INC., Respondent-Appellant, v SALVATORE CURIALE, Appellant-Respondent. [612 NYS2d 156] —Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered June 18, 1993, which, *inter alia,* denied plaintiff Paramount's motion for summary judgment against defendant Gibraltar and Gibraltar's cross-motion for summary judgment concerning whether coverage exists under Gibraltar's 1984 policies, and which declared that Gibraltar has no obligation under policies which allegedly provided coverage only in excess of $50 million to indemnify plaintiff for the settlements in the underlying actions, modified, on the law, to the extent of granting summary judgment to Paramount against Gibraltar, and otherwise affirmed, without costs. Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about October 12, 1993, which granted Federal Insurance Company's motion to dismiss the 73rd and 74th causes of action against it on the ground that post-1984 insurers were not liable to plaintiff, unanimously affirmed, without costs.

The IAS Court erred in denying Paramount's motion for summary judgment against Gibraltar. Paramount provided Gibraltar with timely notice of its 1984 claim in accordance with the express terms of its policy. Pursuant to the terms of the policy, Paramount was obligated to give notice to excess insurer Gibraltar as soon as practicable, but only *after* Paramount's Director of Risk Management reasonably concluded that damages would be large enough to reach the 1984 Gibraltar policies in the excess layers. It was not until April, 1987 when owners of the Nine Mile Point II Nuclear Power Plant

and the Beaver Valley Unit No. 2 notified Paramount that the potential liability for the defective valves would reach tens of millions of dollars that Paramount's Director of Risk Management was able to certify to Gibraltar and its other excess insurers that coverage under their policies would be triggered. Therefore, Paramount's notice to Gibraltar dated April 20, 1987 was timely, and summary judgment should have been granted to Paramount.

We have examined the remainder of the issues raised on the appeals and cross-appeal and find them to be without merit. Concur—Carro, Asch, Nardelli and Williams, JJ.

Murphy, P. J., dissents as to the order and judgment and would affirm for the reasons stated by Fingerhood, J.